## PARTEE *v.* PARTEE.

[75 South. 438—74 South. 827, Division B.]

1. PARENT AND CHILD. *Authority of parent to ratify sale of land.*
   A married woman who was not the guardian of her children by a former marriage has no authority on behalf of the children to ratify her husband's act in giving an option on land owned by the children and herself.

2. PRINCIPAL AND AGENT. *Delegation of authority.*
   Even though a married woman might be the agent of her minor children by a former marriage, this would not justify her husband in also acting as their agent, since delegated authority cannot be delegated.

APPEAL from the chancery court of Quitman county. HON. J. A. MAY, Chancellor.

On suggestion of error. For former opinion sec. 74 So. 827.

*P. H. Lowery,* for appellant.

*St. John Waddell,* for appellee.

STEVENS, J., delivered the opinion of the court.

From a reading of the printed suggestion of error it would appear that counsel has attached little importance to that portion of the opinion calling attention to the fact that Mr. Partee had no authority to act as agent of the children of Mrs. Partee by her former husband, and that he in fact did not even attempt so to do. Counsel state:

"We have difficulty in determining the precise grounds upon which the opinion of the court is rested."

The opinion expressly stated:

"There was no authority in either Mr. Partee or Mrs. Partee to represent the children of Mrs. Partee by her former husband."

And at another place:

"There is no pretense that Mr. Partee had any authority to represent the adult son of Mrs. Partee in this proceeding, and there had been no order of court obtained authorizing the sale of the timber."

We reiterate that Mr. Partee, as to the three-fourths undivided interest in the timber, assumed to act for these children, and did so absolutely on his own account and responsibility. There is here no showing that Mrs. Partee ever undertook to make sale of the timber for herself alone, and in the option given by Mr. Partee he, as to an undivided three-fourths interest, presumed to act for the children, and not for Mrs. Partee. In doing this he acted with full knowledge of all the facts and knew that he was undertaking an act, not only for his wife, but for his wife's children, including her adult son. When Mr. Partee returned to Mississippi after giving the option, he was not diligent in his efforts to have the children ratify and execute the contract, and the obligation rested as much upon him as it did upon Mrs. Partee to see to an execution of the contract by the children. To do this required a decree of the chancery court, so far as the interest of the minors were concerned, and required the signature of the adult son to any proper conveyance.

If, then, Mr. Partee has any cause of action against his wife, he most assuredly has a cause of action against the children. The chancellor denied, and rightly so, any relief against the children, other than the item of one hundred and ten dollars and seventy-four cents but did impose upon Mrs. Partee liability for all the losses and damages sustained by Mr. Partee growing out of the breach of the option contract. Complainant's claim to one-fourth of these damages would be plausible, but in view of the fact that the option given by Mr. Partee was, as already indicated in the opinion one contract, and in view of the fact that Barney & Hines did not contract to purchase and would never have accepted title to an undivided one-fourth interest in the timber, it was impossible for Mrs. Partee to ratify and execute the contract made by her husband, unless the children, in pursuance of a proper decree of the chancery court, joined therein. Mrs. Partee should not be made to suffer these losses simply and solely because she bears the relationship of mother to her children.

Mrs. Partee could not ratify for and on behalf of the children, and did not do so. When the chancellor finds "that she ratified and approved the within option contract," he evidently meant to find that she ratified it so far as her interests went. It is a familiar principle that delegated authority cannot be delegated. If Mrs. Partee was the agent of her minor children, this would not justify Mr. Partee in also acting as their agent; and there is no pretense that either Mr. Partee or Mrs. Partee had any authority to act for the adult son. Let us suppose that Mrs. Partee and the proper chancery court, acting for the children, stood ready to execute the contract with Barney & Hines and offered to do so, but that the adult son had declined to join in the conveyance. Would the contract have been executed? There is no showing in this record to justify the court in holding that it would have been. If, then, the adult son declined to ratify the contract and refused to join in the deed, Mr.

Partee was powerless to make good his option, and no one is to blame but himself. The very carefully prepared suggestion of error does not attach the proper importance to this feature of the case, and it is merely to emphasize this point that we have added these remarks to our former opinion.

*Suggestion of error overruled.*